This case presents an interesting question and the court deems it appropriate to file a detailed memorandum.
The following facts are undisputed:
1. On September 18, 1940 (hereinafter referred to as the "day in question") and for two months prior thereto, and for three weeks thereafter, plaintiff was a paying guest at defendant's New Haven hotel located on Meadow Street.
2. On the day in question plaintiff was occupying room No. 319, located on the third floor rear in said hotel, paying $5.00 a week for occupancy thereof, which charge included chambermaid service.
3. On the day in question plaintiff received a telephone call from the desk man in the lobby at 10 a.m., d.s.t., advising her of the hour (pursuant to a standing arrangement), whereupon she arose from bed, washed, dressed, left said room and in doing so closed and locked the hall door, descended to the first floor in the elevator operated by an elevator man, left her key at the desk in the lobby (first floor), and left the hotel premises.
4. A few minutes before 12:07 p.m., d.s.t. (after plaintiff had left the hotel premises), a fellow guest on the third floor observed smoke emanating out of the margins of the door of said room and reported the existence of a fire in the interior of said room to employees of defendant.
5. At 12:07 p.m., d.s.t., a fire was reported as having broken out in said room to the New Haven fire department (Court Street station) by an employee of defendant; firemen were immediately dispatched to the scene, arriving within ten minutes after the summons.
6. At about 12:30 p.m., d.s.t., plaintiff was advised at her place of employment by an employee of defendant that a fire had broken out in said room, and she immediately returned to the hotel (some few blocks away), and visited the scene *Page 231 
and observed the presence of firemen and the damage to her wearing apparel hereinafter considered.
7. The fire was occasioned by the presence of one or more smouldering cigarette stubs placed in a basket in said room which eventually ignited tissue paper in said basket, resulting in a conflagration.
8. Sometime during the morning of said day (between 10 o'clock and the time that plaintiff left said room), plaintiff had thrown tissue paper into said basket.
9. Plaintiff smokes cigarettes.
10. the fire in said basket on the day in question, before it was extinguished, had spread to plaintiff's wearing apparel in said room (listed in complaint, par. 8) and irreparably damaged the same; the room itself was considerably damaged.
11. On the day in question nobody had a legal right to enter said room other than plaintiff and guests of plaintiff, the chambermaid in the course of her duties, and such others as a state of emergency in a moment of great exigency might sanction such as a fire.
In addition to the foregoing facts, styled undisputed facts,
the following facts deducible from the evidence are expressly found:
12. Plaintiff left said room on the morning of the day in question sometime between 10:30 and 11:30 d.s.t.
13. On occasions prior to the day in question a chambermaid in entering said room to clean and tidy the same, after plaintiff had left for business, had found therein smouldering cigarette stubs.
14. Notwithstanding testimony of plaintiff that she never smokes before breakfast (she takes breakfast outside of hotel), the fact is found otherwise.
15. On the morning in question plaintiff smoked one or more cigarettes before leaving said room.
16. Neither the chambermaid nor anybody else had entered said room after plaintiff had left it on the morning in question and before presence of the fire was discovered.
17. Said fire and the destruction of plaintiff's wearing apparel *Page 232 
which is the subject of this litigation was caused by plaintiff throwing into said basket, before leaving said room on the morning in question, one or more smouldering cigarette stubs which ignited certain tissue paper previously or simultaneously thrown into said basket by her.
18. Said fire was not reasonably discoverable by defendant sooner than it was.
The following conclusion has necessarily been reached:
19. The proximate cause of the destruction of plaintiff's wearing apparel by fire was her own negligence. (See par. 17, supra.)
The within finding is not intended by the court to take the place of a finding on an appeal to the Supreme Court, but is made for the sole purpose of indicating to counsel the determining factors in the case supporting a defendant's judgment.
Plaintiff's counsel has argued that the status of defendant is that of an innkeeper and the action is based on principles of the common law which have not been abrogated by statute (Gen. Stat. [1930] §§ 4760, 4761); that the liability of defendant is that of an insurer. Said counsel has cited an admirable case note in 20 L.R.A. (n.s.) 1027 in support of this proposition, and in general invoked the learned opinion of Justice Hinman in Stoll vs. Judd Co., 106 Conn. 551. Reference may also be made to supporting comments appearing in 32 C.J. Innkeepers §§ 36, 44; 28 Am. Jur. Innkeepers § 68.
The defendant does not dispute the status of innkeeper, but contends that the facts of the case do not warrant plaintiff's recovering damages, either at common law or under the statute. This contention is correct. The facts do not establish liability at common law or under the statute. In passing, however, the court observes that plaintiff's right of action is controlled by the common law and not by statute. see 32C.J. Innkeepers § 53.
Plaintiff's own act of negligence (par. 17, supra), is a complete bar to her recovery even though the liability of the defendant be classified as that of an insurer at common law. See 32 C.J. Innkeepers § 38; 28 Am. Jur. Innkeepers § 108. "By the vast majority of cases the innkeeper, in the absence of statutory modification of the common-law rule, is held to be *Page 233 
practically an insurer as to the goods of his guest and is absolved from liability for their loss only when it results from the act of God, or is caused by the public enemy or by thefault of the guest himself." (Italics added.) Stoll vs. JuddCo., supra, p. 555.
No case is better than its facts, either at common law or under a statute.
 Further discussion is unnecessary. Judgment will enter for the defendant.